I've never happened before. So hopefully he'll be back. Go ahead and have a seat, I guess. Good morning. And oh, there he is. Sorry. The only person who's actually indispensable and he's not here. All right. Go ahead and gavel us in. All right. Well, welcome to the Ninth Circuit. There's a little bit of a rocky start here. Judge Tallman and I are very pleased to welcome our newest colleague, Judge Tung, to his first oral argument, I think. So I don't know if you guys someday will be able to say that you presented the very first oral argument to the legendary Judge Tung at some point. So you should write this down in your memoirs. We have several cases that have been submitted without argument this morning. And then we have, I think, three cases for argument. Our first case for argument is United States of America versus Bragg. And I believe, Mr. Crowley, are you going to start? All right. Yes. Please state your name and let us know how much time you want to try to reserve for rebuttal. I'd ask to reserve three minutes for rebuttal, please. You may proceed. Thank you. Thank you. And good morning. May it please the Court. Your Honors, we contend here that the sex offender treatment ordered was not reasonably related to the sentencing statute factors as opposed to an order that would have only ordered general therapy and counseling. And when I was preparing for this argument, an analogy came to mind, which would be, say, as opposed to the pimping type of action that Mr. Bragg engaged in, if he was instead having a 17-year-old sell drugs for him, and he was taking the money from the drug proceeds, maybe giving her a little bit, and keeping the rest for himself, he would still have the same power and control dynamics. We would still have the issue of the person being a minor. And I would contend here that his actions, where there's no evidence before the lower court of sexual interest in this 17-year-old... Who fathered the child? For the underlying... She was pregnant, was she not? The 17-year-old that he was running? I don't believe he... I thought I read somewhere in the papers... Yes, I think I know what you're thinking of. There was a revocation for a second pimping and pandering incident from 2024 or 2023, where his girlfriend, who was an adult, ultimately had a child with Mr. Bragg. But the underlying victim in the original case that caused him to be on supervised release, I don't believe he's the father, and I... But wasn't he arrested in Riverside County on charges of harassing a 13-year-old? In a state court case, yes. So I guess where I'm going with the questioning is, why is it an abuse of discretion for the district court to conclude that he needs some type of sex offender counseling if he's pimping out underage women? It's the lack of personal sexual interest in or personal sexual actions... But he's promoting and aiding and abetting prostitution by minors. That's the concern, I think, that the district court had. Of course. And frankly, it's a concern that I share if I were the judge. The issue is where we have these generalized bases, such as the criminal history dating back to him being a minor himself, such as issues with his own mother not being present for his upbringing and being raised by uncles and fathers and being abused and those such issues, and where we have issues of him, as the oral report from the probation officer said, where he was psychopathic. My position is that those all indicate a need for that general treatment, but there's not something where he's on that level of needing sex offense-specific treatment like somebody who's viewing child pornography. As I understood, the district court basically ordered whatever treatment the mental health professional recommended that would be helpful to him, and that requires a psychosexual evaluation, does it not? And apparently, that had not yet been completed at the time of sentencing. Do I understand the record correctly? I believe so. Well, I'm sorry. At the time of the original sentencing, it had not been completed, but at the of our revocation sentencing that's being challenged here, it had been. And what did the mental health professional recommend that he needed by way of treatment? They recommended that he continue with the sex offender treatment. Which was consisted of what? Counseling, group counseling, individual one-on-one counseling? Well, we didn't receive the report in the record, so the specifics are not there, but the court's indicated physical testing, psychosexual testing, those kind of sex offender-specific tests, and that's what we're after here with this objection and appeal is... Well, I guess where I'm going with the questioning is the district judge is not a clinical psychologist or a psychiatrist. So what is improper about ordering the defendant to comply with whatever treatment a professional directs who is conducting the psychosexual evaluation? To me, that makes perfect sense. I'm trying to understand your position that somehow that amounts to error. Our conclusions from the report as relayed by the probation officer are that he's psychopathic. That's a pretty serious diagnosis if that's what the mental health professional concluded, is it not? Yes. And we agree with generalized treatment and therapy being appropriate here and reasonably related to the sentencing factors. So are you arguing that the district court should have countered the recommendation of the mental health professional as to what treatment was appropriate for that diagnosis? Well, I argue, number one, that the district court should have reviewed the report. Well, we don't know that he didn't. It's just not in the record, right? The only- The only thing the record shows is what probation recommended. Right. Yeah. I think you're right. I don't think the record has the judge saying, I did not review the report. Correct. So we don't know. Right. But then I go back to my earlier questioning about his criminal history. I mean, this guy is not a first-time offender. He's got a long rap sheet involving sexually deviant offenses. I think that's where I quibble with the court, and that's the point that distinguishes this from- Well, he's 30 years old, and he's never had a legitimate job. So where do you think he was making his money? I read it off the backs of these women. That's how he was making his money. Yes. Okay. But I see why you draw that conclusion. But my point is- Well, the record supports that conclusion. My concern is that it's where we talk about this sex offender-specific treatment with the specific physiological testing done with that. These are things that are geared towards people who personally have the interest in- personally have the sexual interest. So you do want the district judge to basically disagree with the recommendation of the mental health professional and, what, designate a different type of treatment? How is the district court in a position to do that? We're not trained psychosexual evaluators. I think the district judge, based on the conclusions that were drawn of being psychopathic and knowing that he had not had sexual interest against any person, I think the district judge should have reviewed the report and then seen exactly why to be able to conclude that it did reasonably relate. You're asking us to speculate on the basis of unknown evidence and conclude the district court abused its discretion. Is that your position? I'm asking this court to remand it to the district court so that the district court can review the actual report that underlies these conclusions and ensure that it does reasonably- But on the basis of wholly speculative assumption that somehow that report is not going to evaluate it. I don't know that it's speculative. It's more about having- Well, it has to be because you don't have the report and I don't have the report. Right. But the lack of report in the record, the lack of evidence before the court of the report indicates that there has not been record support for it reasonably relating to the sentence. Based on his background, which it is in the record, the evidence points the other way. My concern is you've got nothing to put your finger on to dispute. As I understand, your argument is that, well, yeah, sure, he's involved in all kinds of sexual business, but there's no evidence that he's personally sexually deviant himself, which is an interesting- Maybe we'll have you reserve your time and hear from the government if you want, and then you can- Sure. I think that is- Am I accurately- Yes. The lack of personal interest, the lack of personal action against another person for his own sexual gratification or interest or- We do have, and we'll hear from you when you get back, and I'll make sure you have enough time, but we do have evidence that he's in this business and we have evidence that he's pimping his pregnant girlfriend at some point. Boy, it's hard for me to see how that's not enough for a judge to decide we need to maybe order whatever treatment a expert on this thinks. You can respond if you want, but then I'll give you time afterwards to- Well, he's pimping her, and I would say, mostly would say that's a criminal sexual action with your girlfriend. The action of pimping is, but what we have is this treatment- And it's pimping is sexual. Well, I think that's the distinction that I draw with the argument is when- Pimping is just business? As the evidence showed, his actions were- That's what he says, but he could see where an expert would think otherwise and why the district court judge might think otherwise here. And I guess to Judge Tallman's question, you're basically asking us to sit here and second-guess that, and that's what I'm struggling with. Well, not only that, not second-guess, but ask the judge to rely on the actual report as opposed to the bare bones conclusions, and that's why I got into the delegation concerns of the separate section of the argument and the part about the argument about it being reliant on unreliable evidence where we just have this accusation but not the actual report itself to back it up, so to speak. So with this record, I believe that we've fallen short of showing that it's- With reliable evidence showing that this was reasonably related to those factors. Counsel, I think you have a stronger argument on the delegation point, so can we quickly, just really quickly, how do you distinguish United States versus Rearden? Ninth Circuit case 2003 where the court had ordered the defendant there to participate in a psychological or psychiatric counseling and or a sex offender treatment program as ordered by the probation department. How is that distinguishable from the condition here, which seems very similar? Complete a sex offender evaluation, which may include periodic psychological testing at the direction of the court or probation officer. Thank you for that question. The big distinction is in our probation condition. We have, just following the part that Your Honor read, the word if. So that makes all the difference, the word if. That's our position, yes, because if ordered passes the decision off to somebody else besides the district judge. In Rearden, we just have as ordered. I thought the order was if the psychosexual evaluator determines that this course of treatment is necessary, you're ordered to complete it. What's wrong with that? That's the district court issuing an order to the defendant as a term and condition to complete whatever treatment the mental health professional prescribes. Because it leaves the decision of whether or not treatment is to be given up to if somebody else determines it's necessary, as opposed to the district judge. A trained expert on psychosexual evaluations, which the district judge is not. I think what the right way to do this to avoid delegation would be for there to be an evaluation and that to be given to the court. But counsel, as you know, psychosexual evaluations can take months to be completed just because of the volume and the shortage of examiners that are available. It is not uncommon for our district judges to be sentencing sex offenders without a completed psychosexual evaluation report. I honestly can't say. Well, I'm telling you from my experience of doing this for 25 years, that's what I've seen over the years. My concern is that simply because it's not simply, but with those issues of it being slow, with those issues of it being a process, I don't know that that means we can do away with the delegation objection for those reasons. Counsel, what if instead of the current phrasing in the special condition, it said complete a sex offender evaluation with all the testing, and then it says participate and successfully complete an approved state certified sex offender treatment program at direction of the court or probation officer. So, you remove the words if demeaned necessary by the treatment provider, substitute it with at the direction of the court or probation officer. Wouldn't that be materially the same? As Riordan. As Riordan. If we remove the word if. Right. We substitute it with at the direction of the probation officer. Doesn't that inherently give some discretion to the probation officer? And haven't we already held in Riordan that that was permissible and not a delegation concern? Well, I think in Riordan, with that phrasing, they were just left with the sort of where and when issues with the as directed. But I think that what you have proposed as a modification, Your Honor, is changing the meaning of the condition. Once we remove the word if, it changes it to an as directed and all that's left is for the probation officer as the wing of the court. That's what I understood your argument to be. But practically speaking, maybe if makes a huge difference constitutionally or something. But practically speaking, it doesn't seem like there's much distance at all between the difference between saying as a judge, do whatever treatment the person, the expert says you need to do, which could be none. Which could be none. Right. But I'm ordering you for treatment to the of the type and to the extent that that person thinks you need. And in theory, it could be none versus saying be evaluated by that person and then do whatever treatment. And then the latter is closer to our case. And you're saying that's not OK because you're what the on off switch of the treatment is being turned on or off by the by the expert, not by the judge. Whereas if it just seems mostly, if not entirely semantic to say, OK, you're going to do treatment, but you can do as little as as the expert thinks you need, including down to zero. But that's OK under Reardon. I'm struggling with I understand the difference like logically between saying you're going to do treatment, but this part of the person is going to set all the parameters, including the amount of it versus saying how this person evaluates you and do whatever treatment they say to do. I understand theoretically there's a difference, but practically it's hard for me to see what the difference is. And then it just feels like we're just sending this back to for pure semantics. My. My I see what you mean about the lack of a practical difference. My concern is if if the judge were to order simple, if the lower court judge were to order only that treatment. At the direction of the as recommended by the by the evaluator, that would be an order that needs to be supported by the thirty five fifty three, the relevant thirty five fifty three factors. And without the evaluation underlying it, we lead to a point where it's it's not reasonably related because. So I think you've got two arguments. You got this is sort of responding to what I would put in the bucket of a call to Judge Tallman concern that we were talking about earlier, which is there just not enough here to support saying for treatment. We want to remand for that. And the other is this more this textual idea that you have to have a judge has to make the decision. And here the judge did not make the decision the way precisely the same way they did in Reardon. And those are two different arguments. Why don't we do this? We're taking you way over. We'll let you come back up and respond to the government's position. But I think those are the two positions I'm seeing here. Thank you. Yes. Maybe we'll do put two minutes on for him when he comes back. May it please the court. Daniel Zip on behalf of the United States. Your Honor, starting with the first issue that you identified, the district court was well within its discretion in imposing a sex offender evaluation condition in this case. My defense counsel sort of using what do you think of the idea that, well, he's in this business. He makes money from sex, but he's not really himself. Somebody who needs treatment because there's no evidence that he himself has attracted the minors. He just pimps them out. A couple of responses. One, the guidelines specifically call for the condition based on his offense of conviction, which is sex trafficking of a minor. So the fact that it doesn't fit within the category of someone viewing child pornography or a child molester, it's still within the guideline. And so there would have to be something exceptional about this case to take it out of the guide. Could there be treatment? And this is I'm not super familiar with the different types of treatment, but it could be treatment tailored to somebody who if it really is true that he himself has no attraction to minors, he just wants to make money off of them. Is there treatment for that type of person that says, you know, you shouldn't do this? Yes, the condition was broad. And as the 10th Circuit in Williams considered the same issue as to whether pimping can can require sex offender treatment and what they said in that case, they said that the sex offender treatment can destroy the cognitive distortions and thought processes that objectify sex and women. So even if he had no personal interest in the women that he was trafficking, it's still sort of anti-social behavior that could use treatment to correct it. But I would push back on the idea that he was totally removed and this was entirely a business proposition. I mean, if you look at his history and characteristics, he has one conviction from the state court before the offense at issue here. He was in a relationship with the prostitute in that offense when he was out and on parole for that conviction. He then commits this offense with a 17-year-old. The 17-year-old's mother was looking for her, said she was a runaway, saw pictures posted online. This was a defendant who was taking nude photographs of a 17-year-old, posting them, selling her, selling the victim for money. That's very troubling behavior. And if you look in the PSR, the victim of that offense even told the arresting officers that she was dating Mr. Bragg and claimed not to have been having sex with him. But then you look at after he got out, he was prostituting another woman who he was in a relationship with who was actually pregnant with his child. So the totality of his history and circumstances doesn't support the idea that he's just this sort of businessman unrelated to any sex offense element. So based on that and based on the need for rehabilitation, the court had to consider the fact that this defendant had refused, had initially agreed to sex offender treatment, had then refused to speak with the polygraph examiner, and who even the treatment provider had indicated was not amenable to treatment but was still worth another shot essentially. But what about this other concern that Reardon is close but not exactly because in Reardon you're ordering treatment, the judge is ordering treatment, and then the type and extent of the arguably here the judge is saying if the professional thinks that you need treatment, you have to do it. Right and there's nothing wrong with that under this court's case law. What is that it has identified as the delegation problem is when the probation officer is allowed to determine the punishment. In Esparza, it was the probation officer was allowed to decide whether the defendant would have inpatient treatment or outpatient treatment and this court held that forcing someone to go into custody. Put it in to use an analogy incarceration if a judge said you should you know you need to be incarcerated for and you know your good time credits will be figured out by somebody else. But if your judge says you know I'm basically giving over to this person and they will decide if and how much you'll be incarcerated that that would that would be a yes if the court in this case had said that's the argument here is that you're saying you know in theory that he could be evaluated and and and that the conclusion could be that there need not be any treatment so that you know there's a logical aspect of fact the judge is not even ordering treatment that the yes although the the court and wells made it clear that the sort of as long as the court's determining punishment and determining what the conditions are the details of where and when the condition will be satisfied can be left to probation council but this is no mere detail in united states versus hoag from 2018 we said quote sex offender treatment imposes a very significant restraint on liberty and what this condition does as i read it the district court has not imposed the condition itself rather it has delegated that determination to a probation officer it says or a treatment provider it says if deemed necessary by the treatment provider then the sex offender treatment program shall be uh carried out and that the defendant will be subject to that program isn't that a plain delegation problem no we don't believe so your honor and i think the difference is the treatment might be sort of intense but it's from what the court found to be punishment and esparza which is going essentially back into custody at the discretion of the probation officer this court has repeatedly held that the type and number of tests that a defendant is subject to can be the probation officer can decide the type and extent of sex offender treatment and as your honor noted and reared in the court specifically said that the psychological testing and and or sex offender treatment as ordered by but there but there i mean i mean it could be a matter of just semantics but as i read reared in it doesn't contain the conditional language of if the treatment provider decides whether treatment is necessary it says the district court has ordered reared in to undergo treatment and the details will be left to the treatment provider to delineate so the words you know if deemed necessary to me might make a significant distinction here i i don't read reared in in exactly that same way i think when it says psychological testing and or sex offender treatment it is giving discretion to the probation officer to decide either he gets sex offender treatment or he doesn't and it falls within that range of sort of implementing the details of where and when the condition is applied as opposed to the narrow class of cases that the probation officer has essentially said you decide when he goes back into custody through inpatient counsel can i sat on the panel and reared and i remember the facts of that case very well it's probably one of the most horrific sex offenders i've seen in my years on the bench i mean this guy was basically fantasizing about kidnapping and sexually torturing and murdering children that's very different from the facts of this case but even in that case we said you have to comply with the evaluation and then whatever recommendation the treatment provider provides and i don't understand why this is any different from our decisions in stevens and fellows where we're ordering drug treatment based on a drug abuse evaluation and then whatever treatment the evaluator proscribes i agree your honor i think it's only in that narrow case of punishment in the form of inpatient treatment or you know um i think there's anti-site psychotropic drugs that the court has held i mean sex offender treatment is on a continuum i guess on on the one end of the continuum okay you go to counseling sessions and you maybe meet one-on-one on the other end of the spectrum is what you just mentioned psychotropic medication or arousal testing that sort of thing and we're waiting for the professional to conduct the evaluation and decide exactly what treatment this particular offender needs and the court then says that i'm ordering you to do whatever the mental health evaluator says you need to do we agree and i think under this court's case law that falls on the on the non-punishment end of the spectrum i think that that all makes sense to me that the the argument i guess here is that because of the way it was worded in theory the the expert could um conclude that this person doesn't need any treatment the drug doesn't need any treatment at all i'm guessing that practically i'm i i know much less about this than my colleagues but i'm guessing that practically speaking that that's probably not would never happen um that he that they would never the expert would ever never look at this and say oh yeah no treatment at all it's fine but in theory the the wording of the court's open whereas i suppose in reardon they could reach the same conclusion but they would have had to say okay you're in for sex treatment you have you got five seconds and that's all we think you need that's why i'm saying it feels like semantics but but there is logically maybe a difference and i i can you confirm for me practically what are the chances that he would uh if you have an if nothing else you have an industry right and yet so that somebody whose job it is to give people treatment and it seems weird for him to say yeah yeah no no treatment needed here i just think that that's my instinct is that practically that's not going to happen i don't know the answer to that i would share your instinct but i all i know is that on the facts of this case the treatment provider felt that it was still necessary to sort of give him another chance even though he was refusing to answer questions even though he wasn't didn't appear to be participating in the sex offender treatment you say another chance to participate in treatment yes um that was the what the probation officer relayed was that um you know despite initially not speaking with the polygraph examiner the the treatment provider believed that i think as the district court said that um that the professional opinion was that he needs to to be in treatment because there's a mindset that needs to be addressed so and then the court looked at his criminal history and said that's the mindset i'm trying to change correct um and and one final point we don't believe that it was um plainly erroneous for the court to rely on the treatment professionals um opinion um basically in order for this court to find error it would have to show that the um that it was factually untrue or unreliable and there was no not even a minimum indicia of reliability here this was a professional treatment provider providing his or her opinion about what was best for um the defendant and there was nothing wrong certainly nothing plainly wrong about the court relying on that when determining what what conditions to impose but but you don't dispute that the question of whether there's a delegation problem is reviewed de novo correct correct he he challenged that in the papers right do you have any any other questions for my colleagues all right thank you two more minutes on the call for your counsel maybe you have you know i don't want to take too much you know i'll make sure you have plenty of time to say what you want to say but my is my instinct correct that the odds that a evaluator here is going to say yeah i've looked at and no treatment necessary for this guy uh that seems like that would never happen that was argued in the lower court that there's a financial incentive for the evaluator to recommend treatment and then i heard your honor say industry this is an industry that that's what was argued in in the lower court is that there's a financial incentive to yeah maybe that maybe there's two orders every time but my point about that is that that even makes us feel even more just a semantic difference if the difference between a judge saying you will receive treatment the details will be filled out by the expert versus you will receive treatment if the expert thinks you need treatment or you know you need to talk to this expert and get whatever treatment the expert thinks that latter problem being a technically maybe a delegation problem that it feels very semantic if in almost every instance and particularly in this sense since you know the treatment provider is going to set up some sort of treatment their recommendation is not going to be no treatment at all i i think it very well i mean i don't have statistics or anything along i mean certainly don't have it in the record but i think you very well could have an offender um and i'm thinking of a case that i was reading for a different matter it's not going to come to but where the the the defendant had a child porn offense and had um a it might have even been from another circuit but had that exact thing happen where despite what you would expect from the offense sex offender treatment wasn't recommended um and i don't know that the court can fairly conclude that that wouldn't happen um okay no okay so maybe my instincts are but that does lead me to feel a little bit like a catch-22 for you but it does lead you to if that's possible then it does seem all the more odd that we have judges saying you must receive treatment um and the details will be filled out by that person by the expert but when the expert gets it they're like well i've been told by a judge you know that i that we have to do treatment so i guess we'll do it but the expert doesn't who actually knows a lot more than the judge doesn't actually think they need treatment the whole the whole the whole delegation problem here seems like some people on the supreme court are really smart people came up with and it doesn't seem to make much practical sense to me that that may be i just i would contend that it is it is an issue here where um where it's left up to the treatment team and the probation officers through them one thing how is this any different from somebody saying i want you to do what the doctor orders i think that take the pills go to the counseling get treatment and that's my order and that to me feels like this the same delegation problem but it's the court ordering the defendant to comply with what the doctor prescribes right and and in that choice of what to prescribe you really do want the judge to say well i know that's what the doctors don't know what i do i'm the judge what i would propose is the right way to do it is is is there's a report an evaluation it comes back to the court the parties have an opportunity to read it and i recognize that the objections in the lower court did not properly preserve all of these issues but then the court and the parties can review the evaluation and scores on tests and results the problem i have is it's just not a very practical suggestion i mean if we rule in the way you want us to rule it's really going to throw a wrench in the gears of sentencing counsel to judge thomans hypothetical doesn't doesn't it matter in part what the doctor prescribes so if the doctor prescribes inpatient hospitalization or this extreme form of plethysma graft testing right undisputedly a significant restraint on liberty doesn't it doesn't that make a difference when we want a judge to do that and not i would say yes under esparza we have the inpatient the limitation on inpatient treatment and then under hoag we have that comment from the court from this court about the heightened restraint of sex offender treatment it this condition leaves open the door for the pianopolis has no graft testing and those those very invasive types of testing um at the but nothing prevents the defendant from coming back once that that uh testing is recommended and saying i object they want me to take psychotropic medications and we've got a whole line of case law that talks about that particular treatment and the restrictions on liberty and the due concerns and the court has to hold a hearing and all that sort of thing right i mean the defendant can always come back and challenge it i think from where we sit in this room nothing nothing prevents it but i believe that there are practical realities as we've been talking about with the nature of the supervising probation officer and a defendant who doesn't have the the power in that dynamic as far as actually getting themselves before the court to have it reassessed i think i don't know that it's that simple for many of our defendants right but getting getting from the stage of the treatment event the treatment provider is telling me i need this the probation officer is ordering me with its inherent coercion regardless of how much they the court's already ordered you keep trying to insert the probation officer but in this case it's pretty clear the court said i want you to do what the evaluator recommends you need to do after conducting the psychosexual evaluation i don't see i don't see the delegation problem here that is the order of the court imposing the term and condition of supervised release my position is that it's it's only if i mean we're back yeah right i don't want to do a sir with your honor with all respect yes we've taken you way over do you have but i want to make sure and we've been a pretty hot bench do you have anything we haven't been i did want to respond to the government's uh point about it the government appears to me to be arguing that it's limited to where there's punishment but i believe some of the language of this court in stevens um makes it a little more broad than simply punishment i would i would contend that even in esparza the inpatient drug treatment wasn't really punishment it was an intensive form of rehabilitative treatment and some of the language in stevens as well um um that this court used shows that i don't know that it needs to be punishment for it to be a delegation problem i think where we have an intensive uh supervised release condition like this that's enough to have a delegation problem so i just wanted to have that response thank you any other questions from colleagues all right well thank you counsel i want to thank both sides this case is submitted um you know it's a lot of questions but very very helpful thank you your you
judges: TALLMAN, VANDYKE, TUNG